OPINION
{¶ 1} The Alcohol, Drug Addiction and Mental Health Services Board for Montgomery County, Ohio (adamhs board) is appealing from the judgment of the Montgomery County Probate Court which overruled the adamhs board's objections to a magistrate's decision which applied the physician-patient privilege to communications between an involuntary patient hospitalized pursuant to R.C. 5122 and his treating physician, thus finding no clear and convincing evidence to believe that Patrick John Ratz is a mentally ill person subject to hospitalization by court order and, further, dismissed the case.
 {¶ 2} The adamhs board is once again raising to this court the issue of whether the physician-patient privilege communications law applies to an involuntarily hospitalized patient and his treating physician (who is also the examining physician). This same issue was raised once before to this court by the adamhs board in the case of In reWashington, Montgomery App. No. 19087, 2002-Ohio-2570, but this court in that appeal did not reach the merits because the counsel for the adamhs board at the hearing conceded that the testimony was subject to the physician-patient privilege.
 {¶ 3} In this case the issue is properly before us on the merits, but we find that the answer has been definitively stated by the Supreme Court of Ohio in the case of In Re: Wieland (2000), 89 Ohio St.3d 535, in an appeal from this court, which held that the physician-patient privilege applies to both voluntary and involuntary commitments during which the communications are made. While Wieland dealt with communications made by a parent in the course of treatment ordered as part of a reunification plan in an action for dependency and neglect, the Supreme Court stated the rule broadly and even specifically cited with approval In re Miller (1992), 63 Ohio St.3d 99, which held that "Ohio's physician-patient privilege statute makes no exception for civil commitment proceedings," Id. 108, which is precisely the case before this court now. As in Wieland, the adamhs board argues here that the application of the privilege "disrupts the civil commitment process established in Montgomery County for the past ten to twelve years." Appellant's brief, 2. Nevertheless, the Supreme Court stated that "whatever persuasive force these arguments may have, this is not the appropriate forum in which to raise them. This court will not engage in subterfuge by judicially creating a public policy limitation under the guise of statutory interpretation." Id., 538. Justice Lundberg Stratton, in a concurrence, noted that there may be strong public policy reasons in favor of creating an exception for involuntary or court ordered treatment but that "these competing public policy issues should not be judicially crafted, and instead belong in the legislative forum subject to public debate."
 {¶ 4} We follow both our previous holding and the holding of the Supreme Court that there is no exception to the physician-patient privilege, codified in R.C. 2317.02, when the treatment and communications are involuntary, as opposed to voluntary, and affirm the decision of the probate court.
 {¶ 5} As we stated in the case of In re Washington, supra, the adamhs board should attempt to work with the probate court to develop a protocol for appointing an independent evaluator pursuant to R.C. 5122.14, or seek a legislative remedy. Judgment affirmed.
FAIN, P.J. and GRADY, J., concur.